UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

## LETTER ORDER

May 1, 2012

All Counsel

Re:  Zarnighian v. Deluxe Auto Sales, Inc., et al.
     Civil Action No. 2:10-cv-2421 (DMC)

Dear Counsel:

The Court is in receipt of your letters regarding outstanding discovery disputes (ECF 34, 35, 36, 37, 38). Based on the parties' respective letters the following issues are still in dispute: Plaintiff's request to compel Defendants' response to Plaintiff's Third and Fourth Sets of Supplemental Interrogatories,[1] and Plaintiff's request to compel the deposition of Defendant Daniel Sanchez as a Rule 30(b)(6) corporate designee of Defendant Deluxe Auto Sales, Inc. ("Deluxe").

This Court will first address the dispute with regard to the Rule 30(b)(6) deposition. Defendant Deluxe has identified Mr. Sanchez as its Rule 30(b)(6) corporate designee, but has indicated he will not be produced for a deposition because Mr. Sanchez was already deposed in his individual capacity. Defendant Deluxe argues that the scope of subjects sought to be examined during the Rule 30(b)(6) deposition were already covered, or could have been covered, during Mr. Sanchez's deposition on May 9, 2011. In response, Plaintiff argues that Mr. Sanchez was deposed in his individual capacity as a fact witness, not as a corporate designee, and that Mr. Sanchez demonstrated a lack of personal knowledge regarding the underlying financial documents and transactions, which form the basis for the Rule 30(b)(6) deposition. As a result, Plaintiff argues Deluxe should be required to produce Mr. Sanchez for a deposition. This Court agrees with Plaintiff. There are two defendants in this case, Deluxe and Mr. Sanchez; Mr. Sanchez has only been deposed in his individual capacity, and, in fact, he was not prepared to testify as a corporate designee during his deposition. The Court does not find that it is unduly burdensome to require Deluxe to produce Mr. Sanchez for a Rule 30(b)(6) deposition, but does

---

[1] Although it appears there was initially also a dispute concerning Plaintiff's Second Set of Supplemental Interrogatories, based on the parties' letters the Second Set is no longer an issue.

find it would be unfairly prejudicial to Plaintiff to deny his request. Accordingly, Plaintiff's request to compel the deposition of Mr. Sanchez as the Rule 30(b)(6) designee, or some other additional designee with knowledge of the topics in issue, is **granted**.

The Court will now turn to Plaintiff's request to compel responses to the Third and Fourth Sets of Supplemental Interrogatories. The Court agrees with Defendants that the Third and Fourth Sets are unduly burdensome, particularly given the timing of the requests and the fact that Plaintiff had access to the underlying financial documents for over a year. Moreover, Plaintiff can obtain the relevant information during the Rule 30(b)(6) deposition. Accordingly, Plaintiff's request to compel responses to the Third and Fourth Sets of Supplemental Interrogatories is **denied**.

**SO ORDERED**

_____
Joseph A. Dickson, U.S.M.J.

cc: Honorable Dennis M. Cavanaugh, U.S.D.J.